LYONS, Justice
(concurring in the judgment and concurring in part in the rationale, but dissenting from dictum).
I concur with the main opinion except to the extent that it endorses the holding in Ex parte State Mutual Ins. Co., 715 So.2d 207 (Ala.1997), construing § 6-5-440, Ala. Code 1975, to prohibit the maintenance of an individual action commenced after the filing of an action on behalf of a class of which the individual is a member. Section 6-5-440 provides:
“No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pen-dency of the former is a good defense to the latter if commenced at different times.”
The statute deals with the plaintiff who deliberately has filed two cumulative actions. I have difficulty with the concept of applying it generally to a member of a class because it ascribes an intent to proceed in cumulative actions, an intent that cannot logically be found merely from a person’s status as a member of a class.
When § 6-5-440 was enacted in 1907, there was no rule of procedure comparable to Rule 23(b)(3), Ala. R. Civ. P., which was promulgated in 1973. Rule 23(b)(3) permits a representative acting on behalf of a class to state a claim for money damages on behalf of members of the class. Rule 23(c)(2) assures notice to the members of the class advising them of their right to request exclusion from the class. But, until a member of a Rule 23(b)(3) class has received notice and has failed to request exclusion, I am unwilling to ascribe to that person the intent to prosecute two cumulative actions, the intent made the object of § 6-5-440.
While we need to ameliorate the problems caused by redundancy of claims in the class-action setting, I am not convinced that a creative application of § 6-5^40 is appropriate. We should invite the Advisory Committee on Rules of Civil Procedure to propose an amendment to Rule 23 that deals with multiple claims in the context of separate individual actions and class actions as well as multiple class actions dealing with the same subject matter. Until we do that, I cannot embrace the application of § 6-5-440 beyond the limited circumstance described herein. In other words, I would not apply § 6-5-440 to block a later-filed individual action when the individual has requested exclusion from a previously filed class action. For the reason expressed herein, I also question the application of § 6-5-440 to class actions brought pursuant to Rule 23(b)(1) or Rule 23(b)(2), in which the right to notice and exclusion is unavailable.